**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE DEAN AUSTIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INFINITY MANAGEMENT & INVESTMENTS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 1:25-cv-01171-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER, FAILURE TO PROSECUTE, AND FAILURE TO PAY FILING FEE<br><br>(ECF No. 3)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.**

**BACKGROUND**

Bruce Dean Austin ("Plaintiff"), who is proceeding *pro se*, filed this civil rights action on September 11, 2025. (ECF No. 1.) Plaintiff did not pay the filing fee and did not submit an application to proceed *in forma pauperis*. On September 12, 2025, the Court ordered Plaintiff to either submit an application to proceed *in forma pauperis* or to pay the filing fee, within twenty-one (21) days of entry of the order. (ECF No. 3.) More than twenty-one days have passed and Plaintiff has not filed an application nor paid the filing fee by the deadline to do so.

/ / /

/ / /

1

## II.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cty., 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1226.

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff has neither filed an application to proceed *in forma pauperis*, paid the filing fee, nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to

1  diligently litigate this action.

2  Since it appears that Plaintiff does not intend to litigate this action diligently there arises a 3 rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 4 1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of 5 dismissal.

6  The public policy in favor of deciding cases on their merits is outweighed by the factors 7 in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can 8 proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the 9 action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the 10 fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

11  Finally, a court's warning to a party that their failure to obey the court's order will result 12 in dismissal satisfies the "consideration of alternatives" requirement.  Malone, 833 at 132-33. 13 The Court's September 12, 2025 order expressly stated: "**Failure to comply with this order** 14 **shall result in a recommendation of dismissal of this action**."  (ECF No. 3) (emphasis in 15 original).  Thus, Plaintiff had adequate warning that dismissal of this action would result from 16 noncompliance with the Court's order.  Further, Plaintiff may still file an application to proceed 17 *in forma pauperis* during the objection period and the Court will consider the application.

**III.**

**RECOMMNEDATION**

20  Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED without 21 prejudice, for Plaintiff's failure to pay the filing fee or file an application to proceed *in forma* 22 *pauperis* in this action, failure to abide by the Court's order, and failure to prosecute.

23  These findings and recommendations are submitted to the District Judge assigned to this 24 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen 25 (14) days of service of this recommendation, Plaintiff may file written objections to these 26 findings and recommendations with the Court.  Such a document should be captioned 27 "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will 28 review the undersigned's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

1 Plaintiff is advised that failure to file objections within the specified time may result in the
2 waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing
3 Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 31, 2025**

STANLEY A. BOONE
United States Magistrate Judge